[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court orders the following injunctive relief in this action.
The defendants are hereby enjoined from further CT Page 494 noncompliance with Solid Waste Order No. 291 and are ordered to comply with Solid Waste Order 291 as follows:
1. The defendants shall insure that the final cover previously installed continues to conform to that described in the Operation and Management Plan for the Kement Park Sanitary Landfill, dated February 10, 1988 prepared by Goldberg, Zoino and Associates, Inc. and submitted to the Department of Environmental Protection.
2. The defendants shall maintain in optimal functioning condition, until the site has required vegetative cover, the sedimentation basin at the north of the site.
3. The defendants shall monitor the seeding already done, and reseed if necessary, at the site until a vegetative cover is firmly established. In addition, the defendants shall restore and thereafter maintain all of the gas diffusers and vents which had been previously installed at the site.
4. Defendants shall continue to monitor ground and surface water in accordance with the monitoring program described in the said Operation and Management Plan except that two additional groundwater monitoring wells and one additional surface water sampling point shall be established as set forth in a letter from John England, Department of Environmental Protection, to Stanley J. Kement, Sr. and Isabella Kement, dated April 22, 1988 (Attached hereto as Exhibit A). The two additional groundwater monitoring wells shall be installed and operational on or before February 15, 1993.
5. The defendants shall retain a qualified professional acceptable to the Commissioner to supervise compliance with the terms of this injunction. Defendants shall cause such engineer to submit to the Commissioner, on every other Wednesday, beginning fifteen (15) days after entry of this judgment, a report describing all actions taken by defendants during the previous two (2) calendar weeks to comply with this judgment. When defendants have completed all actions required by this judgment, they shall cause such engineer to submit to the Commissioner a statement certifying that all such actions have been completed. The consultant shall also submit for the Commissioner's approval, on or before February 15, 1993, a calculation of the amount of the bond or other surety to cover the cost of properly closing the CT Page 495 landfill and to cover the cost of thirty (30) year post-closure gas and water monitoring, in accordance with Regulations of Connecticut State Agencies (RCSA)22a-209-4(i).
6. The defendants shall, if they have not already done so, comply with the provisions of RCSA 22a-209-13(d) (plans for post-closure use of the site), 13(e) (compliance with other regulations concerning grading, fire protection, final cover and seeding, vector control, decomposition gases and description of solid waste disposal area) 13(f) (submittal of as-built drawings of solid waste disposal area within 90 days of closure), 13g (filing of land records), 13(h) (responsibility of property owner for post-closure maintenance and monitoring), and 22a-209-4(i) (post-closure surety requirements). A copy of these regulations are attached hereto and incorporated herein as Exhibit B. The surety required by 22a-209-4(i) shall be posted within thirty (30) days from the approval of the consultant's calculation of the amount of the necessary bond or other surety. In addition, the detailed description of the defendant's disposal area required by RCSA 22a-209-13(g) shall be filed on the East Windsor land records on or before February 26, 1992. The material to be submitted to the Commissioner, as required by RCSA 22a-209-13(g), shall be submitted within ninety (90) days from the date all actions required by this judgment are completed.
7. If the defendants are unable to comply with the above requirements within the time schedules set forth, despite their good faith efforts and for reasons beyond their control, the time schedules may be extended, without penalty, upon appropriate motion. If the time schedules are not extended in accordance with the above, and the defendants fail to meet the time schedules set forth herein, the defendants shall pay stipulated penalties as set forth hereafter.
a. For the first 15 days of noncompliance, the defendants shall pay a penalty of $100 per day;
b. For the 16th to the 30th day of noncompliance, the defendants shall pay a penalty of $500 per day;
c. For the 31st to the 60th day of noncompliance, the defendants shall pay a penalty of $1,000 per day; CT Page 496
d. Thereafter, the penalty will continue at $1,000 per day until compliance is attained.
8. Nothing herein shall relieve defendants of any obligations under any applicable law.
9. In the event that defendants become aware that they may not comply or may not comply on time with any requirement of this judgment, defendants shall immediately notify the Commissioner thereof and shall take all reasonable steps to ensure that any noncompliance or delay is avoided or, if unavoidable, is minimized to the greatest extent possible. Notification shall not excuse noncompliance or delay. In so notifying the Commissioner, defendants shall state the reasons for the noncompliance or delay and propose, for the review and approval of the Commissioner, dates by which compliance will be achieved, and defendants shall comply with any dates which may be approved in writing by the Commissioner.
10. An document or notice required to be submitted to the Commissioner under this judgment shall be signed by Defendants and by the person who is responsible for preparing such document, each of whom shall certify as follows: "I have personally examined and am familiar with the information submitted in this document and all attachments and certify under penalty of law that based on reasonable investigation, including my inquiry of those individuals immediately responsible for obtaining the information, the submitted information is true, accurate and complete to the best of my knowledge."
11. Any document or notice required to be submitted to the Commissioner under this judgment shall, unless otherwise specified in writing by the Commissioner, be directed to:
 Thomas Pregman Waste Management Bureau Department of Environmental Protection 18/20 Trinity Street Hartford, CT 06106
12. The date of submission to the Commissioner of any document required by this judgment shall be the date such CT Page 497 document is received by the Commissioner. The date of Commissioner's approval or disapproval of any document or other action under this judgment shall be the date such approval or disapproval is received by any one of the defendants. The word "day" as used in this judgment means calendar day. Any document or action which is required by this judgment to be submitted or performed on date which falls on a Saturday, Sunday or legal holiday shall be submitted or performed on the next business day thereafter.
By The Court, Philip R. Dunn Judge